IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEPHON HADDOCK, | § | |
| | § | |
| Defendant Below, | § | No. 434, 2023 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2009009993 (N) |
| | § | |
| Appellee. | § | |

Submitted: June 5, 2024
Decided: July 9, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1) The appellant, Stephon Haddock, pleaded guilty to second-degree assault and aggravated menacing. In exchange for the guilty plea, the State dismissed charges for home invasion, possession of a deadly weapon during commission of a felony, and endangering the welfare of a child, among others. The Superior Court deferred sentencing and ordered a presentence investigation. On October 27, 2023, the Superior Court sentenced Haddock as follows: for second-degree assault, eight years of imprisonment, suspended after one year for decreasing

levels of supervision; and for aggravated menacing, five years of imprisonment, suspended after six months for eighteen months of Level III probation. This appeal followed.

(2) On appeal, Haddock's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Haddock of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Haddock of his right to submit points he wanted this Court to consider on appeal. Haddock did not provide counsel with any points for the Court's consideration. Before counsel filed the brief and motion to withdraw under Rule 26(c), however, Haddock submitted a letter directly to the Court in which he seeks a reduced sentence. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This

---

[1] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

Court also must conduct its own review of the record and determine whether the appeal is so meritless that it may be decided without adversarial presentation.[2]

(4) The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue. "It is well-established that appellate review of sentences is extremely limited."[3] Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[4] If the sentence falls within the statutory limits, we consider only whether it is based on factual predicates that are false, impermissible, or lack minimal reliability; judicial vindictiveness or bias; or a closed mind.[5] Second-degree assault is a class D felony,[6] subject to a sentence of up to eight years of Level V imprisonment.[7] Aggravated menacing is a class E felony,[8] subject to a sentence of up to five years of Level V imprisonment.[9] Nothing in the record suggests that Haddock's sentence was based on factual predicates that were false, impermissible, or lacked a minimal indicia of reliability; judicial vindictiveness or bias; or a closed mind. We also are satisfied that counsel made a

---

[2] *Penson*, 488 U.S. at 82.
[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[4] *Id.*
[5] *Id.*
[6] 11 *Del. C.* § 612(d).
[7] *Id.* § 4205(b)(4).
[8] *Id.* § 602(b).
[9] *Id.* § 4205(b)(5).

3

conscientious effort to examine the record and the law and properly determined that he could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice